UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION


BENICE CHARLES,

              Petitioner,

vs.                            Case No. 2:01-cr-94-FtM-29DNF
                                        Case No. 2:03-cv-96-FtM-29DNF

UNITED STATES OF AMERICA,

              Respondent.
_____

**OPINION AND ORDER**

     This matter comes before the Court on a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. #93[1]) and Petitioner's Memorandum of Law (Doc. #94), both filed on March 3, 2003. The United States filed its Response in Opposition (Doc. #96) on May 6, 2003. The sole issue is whether petitioner's attorney was ineffective for failing to file a Notice of Appeal.

     On October 29, 2004, the Court entered an Order (Doc. #100) referring the matter to the assigned magistrate judge for an evidentiary hearing, appointment of counsel, and preparation of a Report and Recommendation. An attorney was appointed for petitioner, an evidentiary hearing was held on March 5, 2005, and

---

      [1]Unless otherwise specified, docket numbers refer to the criminal case filings.

a Report and Recommendation (Doc. #112) was filed on April 22, 2005, recommending that the § 2255 motion be denied.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b()1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. by Ernest S. v. State Bd. Of Educ. Of Ga., 896 F.2d 507, 512 (11th Cir. 1990)(quoting H.R. Rep. No. 94-1609, 94th Cong., 2d Sess., reprinted in 1976 U.S. Code Cong. & Admin. News 6162, 6163). In the absence of specific objections, there is no requirement that a district judge review factual findings de novo, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions de novo, even in the absence of an objection. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).

Petitioner Benice Charles (petitioner or Charles) was indicted for two drug counts which carried mandatory minimum prison sentences of ten years to life. Pursuant to a Plea Agreement defendant plead guilty to both counts and agreed to cooperate with the government. The government filed a substantial assistance motion, and petitioner was sentenced to 70 months imprisonment followed by 36 months supervised release. Petitioner alleges that he instructed his attorney to file a Notice of Appeal so that he could appeal the illegally imposed sentence, but his attorney failed to do so. (Doc. #93, pp. 4, 5; Doc. #94, p. 2). Petitioner requests the right to file an out-of-time appeal.

Issues of ineffective assistance of counsel can be raised in a § 2255 proceeding even where petitioner could have raised the issues on direct appeal but failed to do so. Massaro v. United States, 538 U.S. 500 (2003). The Supreme Court established a two-part test for determining whether a convicted person is entitled to habeas relief on the ground that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). See also Wiggins v. Smith, 123 S.Ct.

2527 (2003); Williams v. Taylor, 529 U.S. 362 (2000). The Strickland standard applies where the issue is whether counsel was constitutionally ineffective for failing to file a notice of appeal. Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000).

The law is clear that an attorney is ineffective if he disregards specific instructions to file a notice of appeal, even if an appeal would have no meritorious issues. Flores-Ortega, 528 U.S. at 477; Martin v. United States, 81 F.3d 1083 (11th Cir. 1996); Gray v. United States, 834 F.2d 967 (11th Cir. 1987). The Court adopts the findings of the Report and Recommendation that counsel consulted with petitioner about a notice of appeal and that petitioner did not expressly instruct counsel to file a Notice of Appeal after counsel explained the advantages and disadvantages of an appeal. The Court finds that counsel was not ineffective in failing to file a Notice of Appeal under the circumstances of this case.

Accordingly, it is now

**ORDERED**:

1. The Court accepts and adopts the Report and Recommendation (Doc. #112).

2. Petitioner's Motion to Vacate, Set Aside or Correct Sentence (Doc. #93) is **DENIED.**

3. The Clerk of the Court shall enter judgment accordingly,

terminate any other pending motions, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __17th__ day of May, 2005.

_____
JOHN E. STEELE
United States District Judge

Copies:
Hon. Douglas N. Frazier
U.S. Magistrate Judge

Counsel of Record
Benice Charles